# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PHILLIP BAILEY,

        Petitioner,

      v.

LYNNIE EINERSON, Superintendent, Wildwood Correctional Center,

        Respondent.

Case No. 3:23-cv-00083-SLG

## ORDER RE REPORT AND RECOMMENDATION

Before the Court at Docket 1 is Petitioner Phillip Bailey's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Respondent Lynnie Einerson filed an Answer at Docket 2 to which Petitioner filed a Reply at Docket 14. Petitioner also filed a Motion for Evidentiary Hearing at Docket 18. The petition and the motion were referred to the Honorable Magistrate Judge Kyle F. Reardon. Judge Reardon directed the parties to file supplemental briefing, which the parties did at Dockets 22 and 23.

At Docket 24, Judge Reardon issued his Report and Recommendation, in which he recommended that the petition be denied, and the motion for an evidentiary hearing be denied as moot. Petitioner Bailey filed objections to the Report and Recommendation at Docket 25 to which Respondent filed a reply at Docket 26.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and deny as moot the Motion for an Evidentiary Hearing. Petitioner's objections to the report do not make any challenge to any specific proposed finding or recommendation made by the Magistrate Judge. Rather, Petitioner sets out sovereign citizen rhetoric that is in large part incomprehensible. The Court has reviewed the Report and Recommendation and agrees with its analysis that the petition was not timely filed, and equitable tolling is not warranted. Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:23-cv-00083-SLG-KFR
Order re Report and Recommendation
Page 2 of 3
Case 3:23-cv-00083-SLG-KFR   Document 27   Filed 04/15/24   Page 2 of 3

a Person in State Custody is DISMISSED. Additionally, the Motion for Evidentiary Hearing is DENIED as moot.

The Clerk of Court shall enter a final judgment accordingly. A certificate of appealability shall not be issued by this Court.[4] Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 15th day of April 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:23-cv-00083-SLG-KFR
Order re Report and Recommendation
Page 3 of 3
Case 3:23-cv-00083-SLG-KFR   Document 27   Filed 04/15/24   Page 3 of 3